SAMUEL F. BUEL and RUTH BUEL, Respondents, v. THE ST. LOUIS TRANSFER COMPANY, Appellant.

1. *Practice, civil — Petition — Amendment, when relates back — Limitations.* —Where an amendment to a petition in a suit for damages (Wagn. Stat. 519, § 2) sets up no new matter or claim, but is merely a variation of the allegations affecting a demand already in issue — as where, by the original petition, a party was assigned to the wrong side of the cause, and the mistake was corrected — it relates to the commencement of the suit, and the running of the statute is arrested at that point.

2. *Damages — Suit for, under statute — Father and mother as plaintiffs, divorce of.* — In a suit for damages under section 2, p. 520, Wagn. Stat., the father and mother of the deceased child may join as plaintiffs, although divorced prior to the accruement of the cause of action.

3. *Damages — Instruction — Phrase "undue carelessness."* — In an action for damages, the phrase "undue carelessness," in an instruction concerning negligence, is calculated to confuse and mislead the jury, and is proper ground for a reversal.

*Appeal from St. Louis Circuit Court.*

*Breckinridge & Clark*, for appellant.

The court below erred in allowing plaintiff to amend, because amendment changed substantially the claim and defense. It substituted a new and wholly different action for the old one. (30 Ga. 873, in U. S. Dig. 1866, No. 26, p. 360; Miller v. McIntire, 1 McLean, 83; 10 B. Monr. 83.)

*J. C. Morris*, and *Moodey* and *Hogan*, for respondents.

I. The amendment to the petition, making Samuel F. Buel a co-plaintiff instead of a co-defendant, was warranted by our

statute, and did not operate as the institution of a new suit. (Gen. Stat. 1865, ch. 168, §§ 3, 5; Thompson *et al.* v. Morely, 29 Mo. 477.)

II. The word "undue" in plaintiff's instruction is surplusage, and conveys no stronger meaning than the word "negligence" standing alone. (McPheeters v. H.. & St. Jo. R.R., *ante*, p. 22.)

III. The evidence offered by defendant, that the plaintiffs were divorced, was immaterial

CURRIER, Judge, delivered the opinion of the court.

This is an action brought under the statute for the recovery of damages. (Wagn. Stat. 519, § 2.) It was originally instituted by the plaintiff, Ruth Buel, as the mother of a minor child, who is alleged to have been fatally injured through the carelessness of one of the defendant's servants. Subsequently to the filing of the petition, and eighteen months after the accruing of the cause of action, the petition was amended so as to introduce Samuel F. Buel, the father of the deceased child, as a co-plaintiff in the action. By the statute (Wagn. Stat. 520, § 6) this class of actions is barred in one year from the time they accrue. Unless the amendment, therefore, has relation to the commencement of the suit, and takes effect, as regards the limitation, from that date, then the action is clearly barred; for it can not be sustained as to one of the plaintiffs, and not as to the other. If either is barred, both are. (See authorities cited below.) Whether an amendment by relation takes effect from the commencement of the suit, or only from the time of its filing, depends on circumstances. The rule is this: where the amendment sets up no new matter or claim, but is a mere variation of the allegations affecting a demand already in issue, then the amendment relates to the commencement of the suit, and the running of the statute is arrested at that point; but where the amendment introduces a new claim, not before asserted, then it is not treated as relating to the commencement of the suit, but as equivalent to a fresh suit upon a new cause of action— the running of the statute continuing down to the time the amendment is filed. (Sto. Eq. Pl., § 904; Holmes v. Moreland, 1 McLean, 10; Miller's Heirs v. McIntire,

*id.* 85; 6 Pet., S. C., 61; Dudley v. Price, 10 B. Monr. 88; Marsteller v. McLean, 7 Cranch, 156; Bradford v. Edwards, 32 Ala. 628; King v. Avery, 37 Ala. 169.)

In the case before us, the amendment, in our view, introduced no new claim or cause of action. It does not, in fact, even introduce a new party. Buel was originally joined as a defendant, as in a chancery proceeding, on the ground that his assent to becoming a co-plaintiff had not then been obtained. By the amendment his position was changed from that of a co-defendant to that of a co-plaintiff. That was all. The original petition set out the entire cause of action as fully as the second, and fully stated Buel's paternity of the child, and his title and interest in the subject of the suit. He was assigned, however, to the wrong side of the cause. The amendment simply corrected this mistake. It did not introduce any new matter. We think, therefore, that, under the rule already given, the amendment must be treated as having relation to the original commencement of the suit, thus rescuing the action from the statute bar.

There is no force in the objection that Mr. and Mrs. Buel, the plaintiffs, had been divorced prior to the accruement of the cause of action sued on. They do not sue as husband and wife, but simply as parents. The divorce did not affect the fact of parentage. The statute does not give the action to the husband and wife, as such, but to the father and mother, as the parents of the deceased minor. The circumstance of the divorce explains the fact that the suit was originally commenced by Mrs. Buel as a *femme sole.*

The objection taken to the plaintiffs' second instruction is well founded. It directs the jury that if they find certain facts, and also that the injury complained of, as occurring to the deceased child, did not result from any "undue carelessness" of the child or its parents contributing thereto, then the verdict should be for the plaintiffs. If the carelessness of the plaintiffs contributed to the fatal event, as its proximate cause, without which the event would not have occurred, then clearly the plaintiffs ought not to recover. This instruction on the subject of contributory negligence was unhappily phrased, and well calculated to confuse

and mislead the jury. The endeavor of the plaintiffs' counsel in the argument was to explain and excuse, rather than to justify, the instruction as drawn and given. The epithet "undue," as used therein, was doubtless an inadvertence, occurring in the hurry of a trial, but that does not abate its tendency to confuse and mislead. The instructions for the defendant were sufficiently liberal; but the effect of correct instructions ought not to be impaired by others of an opposite tendency.

For aught the case shows, the jury may have understood the plaintiffs' second instruction as directing them to find for the plaintiffs, so far as the case turned on the question of contributory negligence, unless they found from the evidence that there was negligence on the part of the plaintiffs of a somewhat excessive and aggravated character, short of, but approximating, gross negligence.

The defendant's counsel have made a variety of points which we do not deem it necessary to explore, and therefore pass them without comment.

The judgment will be reversed and the cause remanded. The other judges concur.