RUTH CROCKETT, (late BUELL,) *et al.*, Respondents, *vs.* ST. LOUIS TRANSFER COMPANY, Appellant.

1. *Practice, civil—Petition—Amendment; when relates back—Limitations.*— When an amendment to a petition in a suit for damages, (W. S., 519, § 2.) sets up no new matter or claim, but is merely a variation of the allegations affecting a demand already in issue—as where by the original petition a party was assigned to the wrong side of the case, and the mistake was corrected —it relates to the commencement of the suit, and the running of the statute of limitations is arrested at that point. (Buel vs. St. Louis Transfer Company, 45 Mo. 562, affirmed.)

2. *Damages—Suit for, under statute—Father and mother as plaintiff, divorce of.*—In a suit for damages under the statute, (W. S., 520, § 2,) the father and mother of the deceased child may join as plaintiffs although divorced prior to the accrument of the cause of action. (Buel vs. St. Louis Transfer Co., 45 Mo. 562, affirmed.)

3. *Practice, civil—Parties—Husband to be joined with wife when the marriage has taken place after the commencement of the suit—Amendment, when made.* —When a suit has been begun by a woman who afterwards marries, the petition may be amended so as to make her husband a joint plaintiff; and such amendment under the statute, (W. S., 1034,) may be made at any time before final judgment.

*Appeal from St. Louis Circuit Court.*

*S. M. Breckinridge*, for Appellant.

I. The plaintiffs were barred of their action by the statute of limitations, by failure to bring suit within the year. The court below erred in allowing plaintiffs to amend because the amendment changed "substantially the claim and defense." It substituted a new and wholly different action for the old one. Ruth Buell the mother of the deceased child could not sue alone under the statute, she must be joined by her husband, —though divorced—who was father of the deceased child. He could not be made party defendant. He must be a co-plaintiff.

(*a.*) No action proper was pending so long as the mother was sole plaintiff, and especially during the interval of four months when her husband was not a party on either side. (Knickerbocker Insurance Company vs. Hoeske, 32 Maryland, 317.)

(*b.*) An amendment in a material matter, as in making a new

party plaintiff without whose joinder recovery was impossible, without notice to defendant, is improper. (Keller vs. Blasdel, 2 Nev., 162; Alexander vs. Stewart, 23 Ark., 18; State vs. Martin, 20 Ark., 636.)

Plaintiff, Samuel F. Buell, was barred by statute and beyond doubt, if he is barred, all are barred. (30 Ga., 873–4; 10 B. Monroe, 83; 34 Miss., 437; 4 T. R., 516; 20 Mo., 530; 32 Mo., 144; 37 Maine, 563.)

II. The court erred in permitting the amendment of the plaintiff, in making the second husband John Crockett a party plaintiff. Plaintiffs had full notice by motion of defendant for non-suit at the close of plaintiff's case, that defendant claimed that Crockett was a necessary party. He might at that time have asked to make him a party, though even that is to be doubted. He did not ask to do so until the proof was all in, the case closed and instructions submitted, when upon intimation from the judge of this view of the law, he asked and was allowed to add a new party. Liberal as our statute is in this respect, it is not believed it was intended to cover or does allow such amendments. Plaintiff although fully informed of the defect of parties, refused to amend until the case has reached its last stage, and then ask leave to amend only to avoid an instruction framed and approved, aimed at the defect. But observe the accompanying irregularities, flowing from this untimely amendment. (a.) A new party is added, and yet the jury is not sworn anew. Is the verdict by it rendered binding as to Crockett? Is it a verdict at all—if the jury be not sworn to try the issues as between the parties? (b.) The verdict by its terms excluded John Crockett. Is that a verdict in this case? And can a judgment be entered properly in favor of *plaintiffs*, designed to include Crockett, which rests only on a verdict expressly giving to the plaintiffs, Ruth and Samuel F. Buell, by name and to them only, "$5,000 damages for the killing of their child?" The *verdict* does not support the judgment. (c.) If Crockett is a necessary party as beyond doubt he is, (2 W. S., Ch. 110, § 8, p. 1001,)—how is he affected by the limitation, and if he is barred, how can the other parties sue? (King v. Avery, 37 Alabama, 169.)

*Theodore Sternberg, with J. C. Moody, and M. W. Hogan,* for Respondents.

I. The question raised in relation to the amendment of the original petition by making Samuel F. Buell a party plaintiff instead of defendant, and the questions growing out of the divorce were settled when this case was in this court before. (Buel vs. Transfer Company, 45 Mo., 562.)

II. There was no error in the action of the court at special term in causing John Crockett the husband of the female plaintiff, to be joined as co-plaintiff. (W. S., 1034, § 3–6.) Where there is a defect of parties, advantages of such defect can only be taken by demurrer or answer. If not so taken it is waived. (W. S., Vol. 2, p. 1015, § 10; Goetz vs. Ambs, 27 Mo., 35.)

ADAMS, Judge, delivered the opinion of the court.

This was an action brought under the Damage Act, (1 W. S., § 2, p. 519,) by the father and mother to recover the sum of five thousand dollars as a forfeiture for the death of their infant child, occasioned by the alleged carelessness of defendant's agent in driving one of their transfer wagons.

The suit was instituted by the mother alone, near the close of the statute year for bringing the suit, she being unable to obtain the father's consent to join as co-plaintiff; a demurrer for non-joinder of the father as plaintiff was sustained June the 19th, 1867.

The accident which caused the death, happened March 22d, 1866. And on motion, the father who had been made a party defendant was stricken out as defendant, and made plaintiff so as to meet the ground on which the demurrer was sustained. This amendment to the petition was made October Term 1867.

The plaintiff's Ruth Buell and Samuel F. Buell, had been divorced, as appears from the record.

The defendant's answer was a general denial of all the allegations of the petition, and also set up the statutory bar of one year as having elapsed after the suit was as originally brought by Ruth Buell, and before Samuel F. Buell was made a plain-

tiff by amended petition. This part of the answer was stricken out on plaintiff's motion, and defendant excepted.

At the close of the evidence on both sides, the defendant asked an instruction demurring to the plaintiff's evidence, which was refused by the court, and it was then suggested that Ruth Buell had intermarried with John Crockett, whose name was entered as a plaintiff in the case, to which the defendant excepted.

The jury found a verdict for the plaintiffs for the amount claimed, five thousand dollars.

The usual motions in arrest and for a new trial were made and overruled, and judgment rendered for plaintiffs, from which the defendant appealed to general term where the judgment of special term was affirmed and he has appealed to this court.

The evidence strongly tended to prove the plaintiffs case. The instructions were unobjectionable so far as I can see— and the case seems to have been fairly presented on both sides.

It may be remarked that this case was before this court at the March Term, 1870, (Buell, *et al.* vs. The St. Louis Transfer Co., 45 Mo., 562,) when the judgment of the Circuit Court was reversed because of an erroneous instruction. The error in this instruction was corrected, and there seems now to be no substantial ground of error left for us to pass upon.

The point raised in regard to the expiration of the year before the father was made a plaintiff was passed on by this court and we see no reason to change the ruling then made.

So also the question of divorce of Mr. and Mrs. Buell and its bearings on the case were settled by that opinion.

The only remaining point is, that John Crockett the second husband of Ruth Buell was made a party plaintiff after the close of the evidence. There is no force in this objection. It was not only right that he should have been made a party, but the omission might have been an error of fact that might have resulted in setting aside the judgment.

Section three (2 Wagner's, 1034,) allows this sort of amend-

ment at any time before final judgment. Judgment affirmed. The other Judges concur.