HENNESSY, *Appellant*, v. BAVARIAN BREWING COMPANY.

Division One, June 22, 1898.

1. **Damages**: KILLING CHILD: STEPFATHER. Cases which hold that, after the remarriage of the widow and the assumption by the stepfather of the obligations of a natural father to his child, the mother is released from liability for necessaries furnished the child and loses the right she had during widowhood to recover against third persons for services performed by the child, have no application to a statutory suit by such mother for damages for the negligent killing of her child.

2. ——: ——: ——: NATURE OF ACTION. In a case under the statute for the killing of a child, the father and mother do not recover on the theory of loss of services of their child, as a corollary to the obligation to support, but they recover in tort, on the right which the child would have had had he survived the injury. This right died with the child at common law, but has been expressly transmitted by our statute to the parents, *eo nomine.*

3. ——: ——: ——: NO RIGHT TO RECOVER. A stepfather can not recover statutory damages for the death of a minor stepson. Such right belongs to the child's mother.

4. ——: ——: MOTHER: LOSS OF SERVICE. In a suit by a mother for the death of her minor son, it is not necessary to allege a loss of services to her.

5. Res Adjudicata: DECISION OF A COURT OF APPEALS. The prior decision of a court of appeals, in the same cause, is not binding on this court.

6. Appellate Jurisdiction: AMOUNT IN DISPUTE: AMOUNT OF WAGES. Where a mother has brought suit for $5,000 for the death of her minor son, and recovered judgment for $900, and on appeal to the court of appeals this judgment is reversed and the cause remanded, and on a trial anew a demurrer to the evidence is sustained, the amount in dispute is $5,000, and the appeal is to the Supreme Court.

7. ——: ——: THE TRUE RULE. The safe rule in appeals is to regard the amount claimed in the petition as the amount in dispute, until the claim has been merged into a judgment.

*Appeal from Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

REVERSED AND REMANDED.

*Beebe & Watson* for appellant.

(1) The petition states a cause of action under sections 4426 and 4427, Revised Statutes 1889, and it was not necessary to allege or prove that deceased at the time of his death was the servant of plaintiff. *Buell v. Transfer Co.*, 45 Mo. 564; *Owen v. Brockschmidt*;

54 Mo. 285; *Philpott v. Railroad*, 85 Mo. 164; *Parsons v. Railroad*, 94 Mo. 286; *Tobin v. Railroad*, 18 S. W. Rep. 997; *Habel v. Union Depot Co.*, 140 Mo. 159. (2) The fact that plaintiff had remarried did not change the relation of parent and child. The plaintiff was the sole surviving parent and therefore was the party expressly named in the statute. *Railroad v. Gaw*, 57 Ga. 277; *Buell v. Transfer Co.*, 45 Mo. 564; *Davis v. Guardian*, 45 Ohio St. 470; *Railroad v. Kuehn*, 70 Tex. 587.

*Ben. T. Hardin* for respondent.

(1) The judgment in this cause must be affirmed, as "the law of the case" has been settled by the Kansas City Court of Appeals in 63 Mo. App. 111. That court has decided that the petition in this case does not state a cause of action, and that the evidence, identically the same as here, did not make out a *prima facie* case. Right or wrong, that decision is the law of this case, as much so as if this court had rendered that opinion. *Gwin v. Waggoner*, 116 Mo. 143; *Dowling v. Allen*, 102 Mo. 213; *Gaines v. Fender*, 82 Mo. 497; *Conroy v. Vulcan Iron Works*, 75 Mo. 651; *Lackland v. Smith*, 75 Mo. 307; *Adair Co. v. Owenby*, 75 Mo. 282; *Bank v. Taylor*, 62 Mo. 338; *Grumley v. Webb*, 48 Mo. 563; *Overall v. Ellis*, 38 Mo. 209; *Adams Express Co. v. Hoeing*, 88 Ky. 373; 1 Herman Estoppel, p. 118; *Crecelius v. Bierman*, 68 Mo. App. 34; *Cherry v. Railroad*, 61 Mo. App. 303; *Walser v. Graham*, 60 Mo. App. 323; *Dean v. Railroad*, 43 Mo. App. 450; *Koch v. Hebel*, 40 Mo. App. 241; *Young v. Thrasher*, 123 Mo. 308; *Stump v. Hornbeck*, 109 Mo. 272; *Atkinson v. Dixon*, 96 Mo. 582; *State ex rel. v. Givan*, 75 Mo. 517; *Chouteau v. Allen*, 74 Mo. 56; *Gamble v. Gibson*, 83 Mo. 290; *Shroyer v. Nickell*, 67 Mo. 589; *Hurck v. Erskine*, 50

Mo. 116; *Stilwell v. Glascock*, 47 Mo. App. 554; *Coquard v. Prendergast*, 47 Mo. App. 243; *Lane v. Railroad*, 35 Mo. App. 567; *McIntyre v. McIntyre*, 24 Mo. App. 166; *Connor v. Pope*, 23 Mo. App. 344; *Dulaney v. Railroad*, 22 Mo. App. 597; *Sparks v. Railroad*, 31 Mo. App. 111; *Barker v. Railroad*, 91 Mo. 86; *McIntosh v. Railroad*, 103 Mo. 131; *Czezewzka v. Railroad*, 121 Mo. 201. (2) The petition fails to allege that the deceased was the servant of plaintiff; that by his death she would lose his services, or that she was damaged by such loss. *Hennessy v. Bavarian Brewing Co.*, 63 Mo. App. 111; *Buck v. Railroad*, 46 Mo. App. 555; *Matthews v. Railroad*, 26 Mo. App. 75; *Dunn v. Railroad*, 21 Mo. App. 188. (3) The measure of a parent's damages, in an action under sections 4426 and 4427, for the loss of a minor child, is the value of the child's services from the date of his death to the date of his majority, burial and other expenses, if any, incurred in his death or sickness, less the expense of his support during that time, and the parent is so limited in his recovery in such action. *Leahy v. Davis*, 121 Mo. 227; *Parsons v. Railroad*, 94 Mo. 286; *Rains v. Railroad*, 71 Mo. 164; *Frick v. Railroad*, 79 Mo. 542. The evidence shows, and it is conceded by appellant, that she had been a widow, and had remarried long prior to the injury to her son, and she and her son being supported by his stepfather; and she was, therefore, no longer entitled to the services of her minor son. *Whitehead v. Railroad*, 22 Mo. App. 60; *Matthews v. Railroad*, 26 Mo. App. 75; *Tetherow v. Railroad*, 98 Mo. 84; *Hollingsworth v. Swendenborg*, 49 Ind. 378. After remarriage, if the minor remains in the family of the stepfather and, as shown by plaintiff's testimony in this case, is supported by him, then the stepfather is entitled to his earnings, and is liable for his support and education. *Academy v. Bobb*, 52 Mo. 357; *Hennessy v.*

*Bavarian Brewing Co.*, 63 Mo. App. 111; *Brown's Appeal*, 112 Pa. St. 18; *Englehardt v. Young*, 76 Ala. 534; *Smith v. Rogers*, 24 Kan. 140; *Gerder v. Weisner*, 54 Iowa, 591; *In re v. Bernoudy*, 32 Minn. 385. (4) The above sections, 4426 and 4427, do not create any new right of action, but only transmit the right to sue, and confer upon the representatives of a deceased person the right to sue in such cases as the deceased might have maintained had he survived the injury. *Hennessy v. Bavarian Brewing Co.*, 63 Mo. App. 111; *Miller v. Railroad*, 109 Mo. 360; *Gray v. McDonald*, 104 Mo. 311; *Elliott v. Railroad*, 67 Mo. 272; *White v. Maxcy*, 64 Mo. 552; *Proctor v. Railroad*, 64 Mo. 112; *Crumpley v. Railroad*, 98 Mo. 37. (5) The above sections allow only compensatory damages, and not a penalty, as in section 4425. *Senn v. Railroad*, 135 Mo. 517; *Leahy v. Davis*, 121 Mo. 227; *McGowan v. Ore & Steel Co.*, 109 Mo. 531; *McPherson v. Railroad*, 97 Mo. 253; *Parsons v. Railroad*, 94 Mo. 286. (6) We submit that this court has no jurisdiction of this appeal for the reason that "the amount in dispute" does not exceed $2,500. From an inspection of appellant's petition, it will be seen that it does not state that she is damaged in any amount, but merely "prays a judgment" for $5,000. It is the "amount in dispute" and not the sum demanded that marks the limits of the appellate jurisdiction of this court. *Kerr v. Simmons*, 82 Mo. 269; *Anchor Milling Co. v. Walsh*, 97 Mo. 287; *Wolff v. Matthews*, 98 Mo. 246; *Reichenbach v. Masonic Benefit Ass'n*, 112 Mo. 22.

MARSHALL, J.—Action for $5,000 damages for death of a minor son of plaintiff. Thomas Dolin, an unmarried minor, thirteen years old, was the son of plaintiff by her former marriage. After her second marriage the stepfather supported the minor. His mother per-

mitted him to work for defendant and he turned over
his wages to his mother, who used them to buy cloth-
ing for him.   The death is alleged to have been caused
by the negligence of the defendant in not providing
proper appliances and safeguards in its factory to pre-
vent injury to the employe, who was required to work
close to but not with or on the defective appliances.
The plaintiff obtained judgment for $900, the defendant
appealed to the Kansas City Court of Appeals, where
the judgment was reversed and the cause remanded.
*Hennessey v. Bavarian Brewing Co.*, 63 Mo. App. 111.
The case was tried anew in the circuit court upon ex-
actly the same pleadings and evidence, on plaintiff's
part, as it was on the first trial.   Pursuant to the opin-
ion of Kansas City Court of Appeals the circuit court
sustained a demurrer to the evidence, and entered judg-
ment for defendant.   Plaintiff then appealed to this
court.

I.   The Kansas City Court of Appeals based its
decision upon two grounds, *first,* that the petition did
not state facts sufficient to constitute a cause of action,
in that it did not allege a loss of services to the plain-
tiff by the death of her son, and, *second,* that the evi-
dence does not establish such a loss.   The first conclu-
sion is predicated upon the idea that, "the right to
recover for loss of service is founded on the relation of
master and servant, and not on that of parent and
child," (63 Mo. App. *l. c.* 116), and that upon the
death of the child's father the mother was obliged to
support him during minority, and hence was entitled
to his services during her widowhood, but that upon
her remarriage the "stepfather would stand in the place
of the natural parent, and the reciprocal rights, obliga-
tions and duties of parent and child would attach," if
the stepfather "admitted the child into his family and

treated him as a member thereof, and thereby assumed the relation of parent.''

The second conclusion rests upon the facts deduced from the evidence that the stepfather did admit the child into his family, treated him as a member thereof and assumed the relation of parent to him, and that the relation of master and servant between the mother and child ended as soon as the stepfather so acted, and that as the mother was no longer obligated to support the child, she was not entitled to his services, and not being entitled to his services, she lost nothing by his death, but that notwithstanding the stepfather was, in this case, obliged to support the child, and therefore was entitled to his earnings, he could not maintain an action of this character because neither under the statute of this State nor at common law, could a stepfather maintain an action for the death of a minor caused by the wrongful act of another.

Bluntly but logically stated, this reasoning asserts the startling proposition that if a widow with a minor child remarries, and the stepfather admits her child into his family as a member of it and assumes the relation of father to him, and if a third party wrongfully kills the child, there is no civil liability to anyone therefor—not to the mother, because her rights were cut out by her second marriage and the assumption by the stepfather of the natural father's place toward the child, and not to the stepfather because neither the common law nor the statute gives a stepfather a right to maintain such an action.

The error that underlies such conclusions arises from confusing the common law obligation of the parent, natural or standing *in loco parentis* to the child, to support it during minority, carrying with the obligation the correlative right to the earnings of the child, with the right, conferred by statute, upon the father

(natural) and mother or the survivor of them, to maintain an action against a third party for the wrongful killing of their child.

The case of *Academy v. Bobb*, 52 Mo. 357, is a fair illustration of all the cases cited by the Kansas City Court of Appeals in support of the first conclusion. That case was an action by a third person against a stepfather, who stood *in loco parentis*, for necessaries furnished the child. The legal proposition announced in the case is that when a stepfather so acts toward a stepchild, "the presumption in such case is, that they deal with each other as *parent and child*, NOT *as master and servant*. This relation being established, the reciprocal rights, duties and obligations pertaining to it arise between them, the same as if he were the natural father." *Academy v. Bobb*, 52 Mo. *l. c.* 360.

Whilst at common law, and in States, like ours, where the common law has been adopted, this correlative duty and right exists between a stepfather and a stepchild, it rests, not upon contract, as in case of master and servant, but upon the *relation* of *parent* and *child*. It continues only during the minority of the child. At common law neither the natural father, nor the stepfather standing *in loco parentis*, could maintain a civil action for the wrongful killing of the child, because at common law such actions were unknown. The principle of the common law was *actio personam moritur cum persona*. Hence cases which decide the relative duties and rights of parent and child with respect to suits for necessaries furnished by third persons to the child or for wages earned by the labor of the child, have no possible application to cases like this. Likewise, cases which hold that after the remarriage of the widow and the assumption by the stepfather of the obligations of a natural father to his stepchild, the mother is released from liability for necessaries furnished the child

and loses the right she had during widowhood to re-
cover against third persons for services performed by
the child, are of no value in determining the question
here involved.    They rest upon entirely different prin-
ciples and involve rights arising out of the relation of
parent and child, and not questions of tort.

The fact that in some cases it has been held that
the measure of damages in cases of this kind aris-
ing under a statute like ours, is the loss of services of
the child, during minority, minus the expense of main-
tenance, plus the expense of medical attendance during
the child's last illness and of the funeral, does not es-
tablish the right to maintain this character of action
nor determine the person on whom that right is con-
ferred by the statute.    And it is proper here to say
that the damages here allowed are both compensatory
and penal, and that in *Parsons v. Railroad*, 94 Mo.
*l. c.* 296, this court, speaking through BRACE, J.,
construed the meaning of our statute fixing the meas-
ure of damages and said "the law allows the parent of
such minor substantial damages, and they may be
measured by the experience and judgment of the jury."
In cases like this, under the statute, the father and
mother do not recover the value of services rendered
by their child, as the father or stepfather does, as a
corollary to the obligation to support in cases arising
*ex contractu* or in assumpsit, but they recover, in tort,
on the right which the child would have had if he had
survived the injury, and which right died with the in-
jured party at common law, but has been by our statute
expressly *transmitted* to them, *eo nomine*.    No new right
of action is given by our statute.    It is solely a pre-
served, transmitted right.    *Proctor v. Railroad*, 64
Mo. 112; *White v. Maxcy*, 64 Mo. 552; *Elliott v. Rail-
road*, 67 Mo. 272; *Gray v. McDonald*, 104 Mo. *l. c.*
311; *Miller v. Railroad*, 109 Mo. 350.    By the com-

mon law no such right of action was transmitted to any one. The stepfather therefore had no such right, notwithstanding his right to recover for services performed by the child, when he stood *in loco parentis* to it. Our statute, upon which the right alone rests and by which it has been transmitted from the child, vests it expressly in the father *and* mother, *eo nomine* (who must join in the suit and each have an equal interest in the judgment), or if either of them be dead, then to the survivor. The fact that the mother is given an equal interest with the father marks the difference between actions of this character and suits for the recovery of the wages of the child, which can only be recovered by the father, or stepfather standing *in loco parentis*, and demonstrates the impropriety of attempting to solve questions of this character by reference to cases which involved necessaries furnished to or wages earned by the child.

The fact that the statute intended to transmit the rights of the deceased child to the father and mother, and that the relation between them as husband and wife does not affect their rights as *parents*, and the dissolution of the marital relations between them does not dispense with the necessity for joining both in the litigation, and that neither can maintain the action alone, and that the remarriage of the wife after the dissolution of her former marital relations makes no difference as to her rights as the mother of the deceased, is aptly illustrated by the history of the cases of *Buel v. St. Louis Transfer Co.*, 45 Mo. 562, and *Crockett v. St. Louis Transfer Co.*, 52 Mo. 457. The child of Ruth and Samuel F. Buel was killed by the alleged negligence of the defendant. The father and mother were divorced persons. The father refused to join the mother in the suit, so she instituted it as sole plaintiff and

joined the husband as a co-defendant. After the expiration of the year from the time the accident occurred the petition was amended so as to make the father a co-plaintiff instead of a co-defendant. Speaking of the divorce this court said: "There is no force in the objection that Mr. and Mrs. Buel, the plaintiffs, had been divorced prior to the accruement of the cause of action sued on. They do not sue as husband and wife, but simply as parents. The divorce did not affect the fact of parentage. The statute does not give the action to the husband and wife, as such, but to the father and mother, as the parents of the deceased minor. The circumstance of the divorce explains the fact that the suit was originally commenced by Mrs. Buel as a *femme sole*," 45 Mo. *l. c.* 564. And as to the right being in the father *and* mother, the court held that the action could not be sustained by one without joining the other. *Ibid*, *l. c.* 563. Before the case was retried in the circuit court Mrs. Buel married John Crockett, and he was made a party plaintiff. Thus there were Mrs. Buel-Crockett and her former husband Buel and her then husband Crockett, parties plaintiff, and the court held they were all necessary parties, Mr. Buel as father, and Mrs. Buel-Crockett as mother of their deceased child, and Mr. Crockett as the then husband of the mother. *Crockett v. Transfer Co.*, 52 Mo. 457. In this case Crockett was never the stepfather of the child, as he married the child's mother after the death of the child, and was joined as plaintiff because the statute then required the husband to be joined with the wife. But it is direct authority upon the construction to be placed upon the statute, as to who are proper parties in a proceeding under the statute, and for holding that the mother's right to maintain an action of this character is vested in her because of her relation of mother to the deceased, and that such right is personal to her

and is not affected by a divorce from her former husband or by her remarriage. In this case the father was dead, and the mother as survivor, alone had a right to maintain this action. Her second husband was not the father of the deceased and hence has no right to maintain the action, and her marriage a second time did not sever her relation of mother to her son nor take away from her the right which the statute transmitted to her as mother to recover damages which her son might have recovered if he had survived the injury.

The judgment of the Kansas City Court of Appeals was therefore erroneous on both propositions decided by it, and as the circuit court on the trial *de novo* followed that decision its judgment is likewise erroneous.

II. The contention, that the decision of the Kansas City Court of Appeals is *res adjudicata* and binding upon this court, is untenable. The cases cited by the learned counsel apply only where the second appeal is taken to the same court that formerly decided the case. This court has not decided this case before, and the decision of the Kansas City Court of Appeals is not binding on this court.

III. The amount in dispute in this case is the amount claimed in the petition, which is $5,000 (*State ex rel. v. Gill*, 107 Mo. 44; *State ex rel. v. Rombauer*, 130 Mo. 288), and this brings this case within the appellate jurisdiction of this court. The fact that on the first trial, the plaintiff recovered judgment for $900, fixed that sum thereafter as the amount in dispute, and made the case properly appealable to the Kanas City Court of Appeals, because if that judgment stood it was all the plaintiff could recover or the defendant could be made to pay. But when that judgment was reversed by the Kansas City Court of Appeals, the amount in dispute immediately became, as

it originally was before any judgment was rendered, $5,000. It is argued, however, that the evidence shows that deceased was only receiving $4 per week, and that at this rate he would have earned less than $2,500 before he attained his majority, not making any deductions for his maintenance, and hence that in no event could a judgment ever be rendered which would make the case properly one within the appellate jurisdiction of this court. This argument is based upon the erroneous premise that the son would never, during his minority, earn more than he was able to at the age of thirteen or fourteen years. Instances are not infrequent in our day and generation when youths who started on small wages, worked their way to good paying positions in life, even before attaining their majority. And this possibility is confined to no one favored class. It is open to every one, without regard to the station in life in which he was born. We can not judicially declare how much any given minor would earn between the ages of fourteen and twenty-one. That is a question to be decided by the facts in each case. The only safe rule is to regard the amount claimed in the petition as the amount in dispute, until the claim has been merged into a judgment. *Vineyard v. Lynch*, 86 Mo. 684.

As the action of the circuit court was predicated solely upon the decision of the Kansas City Court of Appeals, and as the merits of the case have not been discussed by counsel, and no point has been made as to whether the plaintiff made out a *prima facie* case on the facts, we express no opinion thereon, but for the error in taking the case from the jury for the legal reasons assigned, we reverse the judgment of the circuit court and remand the cause for further proceedings by that court. All concur.