KANE, *Appellant*, v. KANE'S ADMINISTRATOR.

### Division One, December 8, 1898.

1.    **Appellate Jurisdiction**: AMOUNT INVOLVED. The amount claimed
in the petition is the amount involved where the judgment was for
defendant; and if no special amount is named, the Supreme Court
does not have jurisdiction of the appeal.

2.    **Trust Fund**: WHEN THE TRUSTEE IS CHARGEABLE WITH INTEREST.
The trustee may be charged with interest on trust funds if he has
failed to make it when the terms of the trust require him to do so,
and interest is only compounded where he has speculated with the
trust fund and no other method can be adopted for ascertaining the
profit he has made.

3.    ———: ———: RENT.   Where real estate has been purchased with
the husband's money and the conveyance made to his wife, and she
has been declared to hold the property in trust for him, her adminis-
trator is not chargeable with interest on rents collected and appro-
priated by her.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB
KLEIN, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*M. Kinealy* and *Kinealy & Kinealy* for appellant.

(1)   The trustee is to be charged with all the rents
she received, or that, by a reasonable degree of dili-
gence, she might have received, and having failed to

pay them over to the *cestui que trust*, she should be charged with interest. 2 Beach on Trustees, sec. 507. (2) A decree should be rendered here in favor of plaintiff for the rents at the rate of, at least, $8 per month from June 17, 1869, to November, 1888, with compound interest; amounting to $3,185.50. *Bobb v. Bobb*, 89 Mo. 411.

*Chas. M. Napton* for respondent.

MARSHALL, J.—This case is the aftermath of the case of *Price v. Kane*, 112 Mo. 412. Plaintiff and Elizabeth J. Kane were husband and wife. They had a house and lot in St. Louis, in which she lived, and he stayed when he was in St. Louis, which was very rarely, as he was a horse trader and spent most of his time in the South.

On June 16, 1869, during his absence, Mrs. Kane purchased the property adjoining her house, and it was deeded to her, but paid for by him. On November 8, 1888, she died intestate, and her heirs brought ejectment against her husband for both lots. The result was a judgment in their favor for the home property, and for Mr. Kane for the lot abjoining it, it being held that she held it as his trustee. This suit was then instituted against her administrator, alleging that she had rented this property to various persons to him unknown from June 17, 1869, to November 8, 1888, "*and collected large sums from said tenants as rents of said property, the amount of which is unknown to plaintiff,*" and asking an accounting therefor. The answer (omitting its formal parts) sets up that if Mrs. Kane collected any rents, while plaintiff was absent, she used them for necessaries of life, with his consent, but denied any knowledge or information as to whether she collected any such rents or not.

The case was sent to a referee, who recommended a judgment for defendant, which was seasonably done by the circuit court, and, after proper steps, the plaintiff appealed to this court.

## I.

The first question presented by the record is whether this court has jurisdiction. Suits for an accounting are not, eo nomine, within the appellate jurisdiction of this court. Ordinarily the amount claimed in the petition determines the jurisdiction of this court, where the defendant prevailed below. *Vineyard v. Lynch*, 86 Mo. 684; *Hennessy v. Bavarian Brewing Co*, 145 Mo. l. c. 116. Here there is no amount specified in the petition. The amount involved, therefore, could only be ascertained by the accounting and the judgment of the circuit court was for defendant, which can only mean that plaintiff is not entitled to any sum whatever. Section 12 of article VI of the Constitution, gives this court appellate jurisdiction: "In all cases where the amount in dispute, exclusive of costs, exceeds the sum of two thousand five hundred dollars," and this condition is not made manifest by any claim set up in the petition.

If we look to the evidence, however, which we do simply to illustrate, but not as affording a correct test, it appears that the house was rented part of the time; that when plaintiff was at home he collected the rents, and when he was absent his wife collected the rent, and used it for household expenses and for buying feed for the stock he left at home. Sometimes the house rented for eight dollars a month and sometimes for six. Assuming that it had been continually kept rented at eight dollars a month, for the nineteen years, four and a half months between June, 1869, and November, 1888,

the total rent would only amount to eighteen hundred and fifty dollars, which is below the appellate jurisdiction of this court. Plaintiff attempts to bring himself within the twenty-five hundred dollar limitation, by adding interest, computed with annual rents, and thus claims that the suit involves $3,175.50. Whether a trustee shall be charged with interest, and if so, with what rate, depends upon the facts in each case. Interest is not compounded in our State as a punishment for a breach of trust. *Cruce v. Cruce*, 81 Mo. 684. It is charged, when the trustee has failed to make it when the terms of the trust require him to do so, and it is only compounded where the trustee has speculated with the trust funds and no other method can be adopted to ascertain the profit he has made. *Bobb v. Bobb*, 89 Mo. l. c. 421;, Hill on Trustees, star. p. 374 [4 Am. Ed.]. This rule is not applicable to such a state of facts as are stated in the petition or disclosed in the answer.

It follows that this court has no jurisdiction in this case, except to transfer it to the St. Louis Court of Appeals. It is so ordered. All concur.