## ELLA M. FERGUSON, Appellant, v. CHARLES D. COMFORT et al., Respondents.

### St. Louis Court of Appeals, July 15, 1911.

1. **JURISDICTION**: Appellate Practice. The court will determine its jurisdiction of an appeal, although the question is not raised by the parties.

2. ————: Amount in Controversy. Jurisdiction of an appeal by plaintiff, in an action of replevin where the petition alleged the value of the property in controversy to be $6000 and prayed for $5000 damages for detention of and injury to the property, is in the Supreme Court, under section 3937, Revised Statutes 1909, since the amount claimed in the petition is "the amount in dispute," by which appellate jurisdiction is determined, where the judgment is for defendant and plaintiff appeals therefrom.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock*, Judge.

TRANSFERRED TO SUPREME COURT.

*Zachritz & Zachritz* and *Harmon J. Bliss* for appellant.

*Wm. F. Smith* and *Henry Higginbotham* for respondents.

NORTONI, J.—This is a suit in replevin. The finding and judgment were for defendants and plaintiff prosecutes the appeal.

The petition is in the usual form in an action of replevin and prays for the recovery of a lot of household furniture which it alleges to be of the value of $6000. The averment of the value of the property involved ($6000) is in accord with the statute on the subject of replevin (Sec. 2637, R. S. 1909). Besides this allegation of the value of the property, the petition prays a recovery of $5000 damages, as well, for the detention of the property and injuries thereto. There are two defendants and they answered separately. At the trial, the finding and judgment were to the effect that defendant Charles D. Comfort go hence without day and recover his costs and that defendant Nolte have and recover of plaintiff the possession of the property involved or, in lieu thereof, the sum of $6000, at which its value was fixed by the jury. A further recovery of one cent damages was awarded as well in favor of defendant Nolte against plaintiff. From this judgment plaintiff prosecutes an appeal to this court.

The question with which we are first confronted pertains to the jurisdiction of the court to review the appeal and proceedings had, for, though it is not raised by the parties, the court should ascertain it. [Cable v. Duke, 208 Mo. 557, 106 S. W. 643.] Under the statute (Sec. 3937, R. S. 1909), the courts of appeals are given jurisdiction of appeals in all cases where the amount in dispute, exclusive of costs, shall not exceed the sum of $7500. It is to be observed that, according to the allegations of plaintiff's petition before us, a claim is made against defendants for the possession of property, which it is averred they wrongfully withhold, of the value of $6000, and furthermore of damages for such detention and injuries to the property in the amount of $5000, a total claim of

$11,000. Defendants, though separately answering, claim the right to the property involved and aver the value thereof to be $6000. Furthermore, each defendant in his answer prays a return of the property, or that judgment be given in his favor against plaintiff and her sureties for such value of $6000, and further for damages in the sum of $5000 for the taking and detention of the property by plaintiff. It therefore appears that each of the parties to the controversy asserts a claim against the adverse party in the total amount of $11,000. It has been pointedly decided by our Supreme Court that in a case where the judgment is for defendant, as here, and plaintiff prosecutes an appeal therefrom the amount claimed in the petition is the amount in dispute between the parties by which jurisdiction of the appellate court is determined. [Kane v. Kane's Admr., 146 Mo. 605, 48 S. W. 446; Hennessy v. Bavarian Brewing Co., 145 Mo. 104, 46 S. W. 966.] Whatever may be said touching the matter as to defendant Nolte, in whose favor the judgment was given for a return of the property, or, in lieu thereof, its value assessed at $6000 together with one cent damages, it is obvious that the amount in dispute, in so far as defendant Comfort is concerned, is to be determined by the amount claimed in the petition, for as to him the judgment is that he shall go hence without day. It seems that by prosecuting the appeal from the judgment in favor of defendant Nolte, plaintiff is still asserting a claim of $11,000 against Nolte, which, according to his answer, is disputed *in toto*. But be this as it may, no one can doubt that the amount in dispute between plaintiff and defendant Comfort is that for which plaintiff lays claim in the petition and is disputed in the answer, for as to Comfort the matter stands identically as if a verdict had been instructed for Comfort and plaintiff prosecuted an

appeal from such judgment. [See Hennessy v. Bavarian Brewing Co., 145 Mo. 104, 46 S. W. 966.]

The jurisdiction over the appeal properly lies with the Supreme Court, and the case together with all files therein should be certified to that court for final determination as provided by the statutes, section 3938, Revised Statutes 1909. It is so ordered. *Reynolds, P. J.*, and *Caulfield, J.*, concur.