## CLIFT *v.* SOUTHERN RAILWAY COMPANY.

[No. 23,170.   Filed October 17, 1919.]

1. CARRIERS.—*Rejection or Allowance of Freight Claims.—Statute.—Validity.*—The act of 1911 (Acts 1911 p. 454, §§3920b-3920h Burns 1914), providing for an action in damages, where the carrier neither pays nor rejects within ninety days a claim for freight lost or damaged, so far at least as the initial carrier is concerned, is not in conflict with the federal or the state Constitution.   p. 473.

2. CARRIERS.—*Failure to Allow or Reject Claim for Damages.—Action.—Complaint.*—In an action, under Acts 1911 p. 454, §§3320b-3320h Burns 1914, for failure of the carrier to pay or to reject within ninety days a claim for damages to a shipment of watermelons belonging to the plaintiff, a complaint showing that the carrier received the shipment in good condition from the plaintiff's agents to be delivered to the consignee upon presentation of a bill of lading, that the carrier, without surrendering the bill of lading, wrongfully allowed the consignee to remove a part of the melons and failed to notify the plaintiff of the consignee's refusal to accept the rest until after they had spoiled, and that the claim was filed within four months, was sufficient to bring the plaintiff within the provisions of the statute and to show that the claim was not fictitious.   pp. 474, 476.

3. CARRIERS.—*Damages to Freight.—Failure to Allow or Reject Claim.—Complaint.*—In an action against a carrier, under Acts 1911 p. 454, §§3920b-3920h Burns 1914, for failure to pay or reject, in whole or in part, a claim for damages within the time provided in the statute, it is not essential to allege the failure of the carrier to take steps for the preservation of the goods shipped or to give notice, etc., as required in a common-law action for damages to shipments.   p. 476.

From Gibson Circuit Court; *Simon S. Vandeveer.* Judge.

Action by Joseph H. Clift against the Southern Railway Company.   From a judgment for the defendant, the plaintiff appeals.   (Transferred from the Appellate Court under §1397 Burns 1914, Acts 1901 p. 568).   Re-*versed*.

*T. Morton McDonald,* for appellant.

*A. P. Humphrey, Edward P. Humphrey, John D. Welman, Lucius C. Embree* and *Morton C. Embree,* for appellee.

HARVEY, J.—This is an action to recover of appellee the amount of a claim for lost and damaged freight, which claim is alleged to have been admitted by appellee to be owing appellant because the claim was neither "paid or rejected by such carrier within ninety days" of its presentation.

This cause of action is based upon the provisions of the act of March 4, 1911 (Acts 1911 p. 454, §§3920b-3920h Burns 1914), and is not an action to enforce any common-law remedy against the railroad company for damage to or failure to deliver freight.

The rights and remedies of the parties depend, in this action, upon the validity of said act, the facts relating to the filing of said claim, and the conduct of appellee in reference to the claim filed.

The third paragraph, and the only paragraph, of complaint then before the court was held insufficient upon demurrer for want of facts, and judgment was rendered upon plaintiff's failure to plead further. The only question here is as to whether the court's ruling upon demurrer was erroneous.

The act is, so far at least as the initial carrier is concerned, not in contravention of the Constitution of the United States. For reasons see *Seaboard Air Line* v. *Seegers* (1907), 207 U. S. 73, 28 Sup. Ct. 28, 52 L. Ed. 110; *Kansas City, etc., R. Co.* v. *Anderson* (1914), 233 U. S. 325, 34 Sup. Ct. 599, 58 L. Ed. 983. For the same reasons it is not in contravention of the Constitution of the State of Indiana.

The claim so filed states that Griffen and Tichenor, as agents for appellant, delivered to appellee 923 water-

melons of the value of sixty-two dollars, for transportation to Marion, Indiana, there to be delivered to Carr and Company, upon presentation of the bill of lading; that said melons were at the time of delivery to appellee in good and merchantable condition; that at Marion the carrier wrongfully, in violation of the terms of the bill of lading, allowed Carr and Company to enter the car and inspect the melons and remove a portion thereof without a surrender of the bill of lading; that appellee failed to notify appellant of the refusal of Carr and Company to accept said melons, and failed to take any steps to dispose of said melons, or to protect the interests of appellant; that said melons were so held at Marion until the same became spoiled and wholly useless to claimants. To this claim was attached the original bill of lading, which shows that the property was received at Princeton, Indiana, "from Griffen & Tichenor," and "consigned to the order of Griffen & Tichenor, destination, Marion, Indiana, notify Carr & Company," and said bill was signed "Griffen & Tichenor, shippers."

The complaint alleges that within four months from the date of said shipment, and after the arrival of said shipment at the city of Marion, plaintiff presented to the agent of the defendant, who issued the bill of lading, at said city of Princeton, his claim in writing for loss of and damage to said melons, which claim was itemized and verified by one Moses C. Griffen, as agent for the plaintiff, and that to said claim was attached the original paid freight bill received on account of said shipment, and that the defendant, appellee, did not at any time within ninety days from the time said claim was so presented, nor did anyone in its behalf, either pay or reject said claim, in whole or in part.

Appellee claims that said complaint fails to allege a

number of things which appellee believes to be material, the absence of which renders said complaint insufficient,—for instance, that there is no allegation that the "order bill of lading" was indorsed, nor does there appear upon the copy of the bill of lading attached to the alleged claim any writing purporting to be an indorsement thereof; that there is no allegation that Carr and Company ever had the bill of lading in their possession; that there is no allegation of fact whereby it appears that the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company could have delivered the melons to Carr and Company without breaching the contract as same is evidenced by the bill of lading; that the claim itself set out in the complaint shows upon its face that appellant did not present a claim to the agent of appellee, but that the same was presented by other parties; that the bill of lading was not issued to appellant, but to the order of Griffen and Tichenor; that there is no allegation that appellee, Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company ever had any knowledge or notice that appellant was the owner of any part of the melons, or had any interest in them; that there is no allegation that Griffen and Tichenor were not notified by the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company of the alleged refusal of Carr and Company to accept the melons; that there is no allegation that appellant did not have knowledge of the refusal of Carr and Company, nor that his alleged agent did not have such knowledge within a reasonable time after such refusal; and that the facts pleaded disclose that appellant was not the lawful holder of said bill of lading.

From the complaint it sufficiently appears that the claim was properly filed for and on behalf of appellant by appellant's agents, and that, if appellee was liable to anyone, it was liable to appellant, rather than Griffen

and Tichenor, and that the appellant was the lawful holder of the bill of lading, although the same may have been in the possession of Griffen and Tichenor, his agents. The claim filed discloses appellant's interest, and if appellee had doubt on this question, it could easily have protected itself by rejecting the claim.

Allegations as to the conduct of the railroad companies, or their failure to act in reference to the preservation of the melons, notice, etc., would be essential to a good complaint in a common-law action for damages; but they are not essential to a complaint which seeks to recover because the defendant did not within the time limited pay or reject said claim, in whole or in part.

The complaint shows that appellant is one of the class of persons entitled to recover under this statute. It is disclosed by the complaint, and admitted by demurrer, that the plaintiff was the owner of the melons for which he filed the claim; and it is admitted that said melons were shipped by appellant through his agents. It is admitted that the same did not come to the hands of the persons to whom they were to be delivered. Enough is disclosed to show that the claim was not fictitious and that it was filed by one who had the dealings with appellee, and who, under the statute, was entitled to have his claim acted upon within ninety days, and to be informed within said time of the appellee's action upon the claim.

No question is here presented as to whether appellant, if he desired to pursue his claim after the railroad company had failed to act upon the same, should have taken the same up with the Railroad Commission, or its successor, the Public Service Commission.

The paragraph was sufficient, and the demurrer should have been overruled. Judgment reversed with directions for further proceedings in accord herewith.

. NOTE.—Reported in 124 N. E. 457. Carriers: validity of
statute imposing penalty for failure to pay a claim within a
specified time, 20 Ann. Cas. 1056, Ann. Cas. 1915D 824, 1916D
335. See under (2) 10 C. J. 347.