## JACKSON, RECEIVER, v. MAUCK ET AL.

[No. 23,379.   Filed April 8, 1920.]

1. CARRIERS.—*Rejection or Allowance of Freight Claims.*—*Statute.* —*Validity.*—Sections 8020b-8020h Burns 1914, Acts 1911 p. 454, providing for an action in damages against a carrier for freight lost or damaged, where the carrier fails to allow or reject a claim therefor within ninety days, are not violative of the provisions of the state or the federal Constitutions relating to due process and to the privileges and immunities of citizens. p. 265.

2. APPEAL.—*Review.*—*Evidence.*—The Supreme Court will not weigh the evidence, but will accept as true that which supports the verdict.  p. 268.

3. TRIAL.—*Peremptory Instructions.*—*When Given.*—A peremptory instruction for the defendant is authorized only where the evi-

dence favorable to the plaintiff, and the inferences reasonably deducible therefrom, fail to support all the essential elements of any paragraph of the complaint. p. 268.

4. TRIAL.—*Exclusion of Cumulative Evidence.*—*Effect.*—There was no error in rejecting evidence that was merely cumulative. p. 269.

5. CARRIERS.—*Contracts Limiting Liability.*—*Instruction.*—Where a paragraph of complaint, in an action against a carrier for damages to a shipment of hogs, was based on §§3918-3920 Burns 1914, Acts 1905 p. 58, and §3920b Burns 1914, Acts 1911 p. 454, relating to initial liability, it was not error to state in an instruction bearing on such paragraph that the latter section did not affect the validity of a shipping contract limiting liability unless it attempted to limit liability to the initial carrier's own line. p. 270.

6. CARRIERS.—*Damages to Shipment.*—*Time for Bringing Action.*— *Reasonableness of Contract Provision.*—*Jury Question.*—In a shipper's action on an admitted claim for damages, under §§3918-3920 Burns 1914, Acts 1905 p. 58, §§3920b-3929h Burns 1914, Acts 1911 p. 454, where the defense relied on a contract provision that no action for loss should be maintained unless begun within ninety days after the action accrued, an instruction stating that if the claim was filed April 29, and defendant required until August 4 to complete its investigation of the alleged loss, the jury might consider such fact in determining whether such contract provision was reasonable or unreasonable, properly left to the jury the question whether the action was brought in time. pp. 271, 272.

7. PLEADING.—*Rulings on.*—*Waiver of Error.*—The plaintiff waives his right to judgment on the pleadings if, after an ineffectual motion for judgment thereon owing to the absence of an answer, he goes to trial on the complaint, submits the issue to a jury, and is defeated. p. 272.

From Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Action by Henry Mauck and another against William J. Jackson, receiver of the Chicago and Eastern Illinois Railroad. From a judgment for the plaintiffs, the defendant appeals. *Affirmed.*

*John E. Iglehart, Edwin Taylor, Eugene H. Iglehart* and *Embree & Embree,* for appellant.

*T. Morton McDonald, Henry Johnson* and *Byron M. Johnson,* for appellees.

WILLOUGHBY, J.—Appellees shipped by appellant's railroad a consignment of live stock consisting of hogs and cattle from Owensville, Indiana, to Fletcher Commission Company, at Indianapolis, Indiana, to be sold on commission. When the carload of stock arrived at its destination seven of the hogs were dead and one was crippled. This suit was brought by appellees, in the Gibson Circuit Court, to recover damages for the loss sustained by appellees. The complaint was in two paragraphs.

The first paragraph alleged in substance that on April 26, 1915, plaintiffs delivered, and defendant accepted, the stock for transportation at Owensville, Indiana; that seven of the hogs were killed in transit by the negligence of the carriers; that said stock was delivered at its destination on April 27, 1915; that on April 29, 1915, the plaintiffs presented a claim in proper form, in all respects conforming to the requirements of the statute, for the amount of $111.62; that defendant made no request on plaintiffs for any papers issued by defendant or by any other carrier, and that said defendant did not, within ninety days after receiving said claim, either pay or reject the same in whole or in part.

The second paragraph of the complaint alleged in substance that on April 26, 1915, appellees delivered to appellant at Owensville, Indiana, certain hogs and cattle, all alive and in good and sound condition, to be safely transported to the Fletcher Commission Company, at Indianapolis, Indiana; that appellant and his connecting carrier failed to safely carry and

deliver the stock, but on the contrary seven of the hogs were dead and one was crippled on arrival; that appellant, at the time of shipment, issued to appellees a receipt or bill of lading covering the same, of which appellees were the lawful holders.

No objection is made as to the sufficiency of either paragraph of complaint, except that, in discussing the cross-errors assigned by appellees, the appellant says that the act of March 4, 1911, §§3920b-3920h Burns 1914, Acts 1911 p. 454, upon which the first paragraph of complaint is based, is unconstitutional; that it is repugnant to the Constitution of the United States, which prescribes that: ''No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction, the equal protection of the law. U. S. Constitution, 14th amendment. That it is repugnant to the Constitution of the State of Indiana, which prescribes that: ''The general assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens.'' Constitution, Art. 1, §23. This contention cannot be sustained. This court has held the act to be valid and not in violation of any right guaranteed by the Constitution of the United States or the Constitution of the State of Indiana. *Clift* v. *Southern R. Co.* (1919), 188 Ind. 472, 124 N. E. 457.

To each paragraph of complaint appellant filed an answer in *general denial*. Appellant filed a special paragraph of answer directed to the first paragraph of complaint. To this special paragraph of answer

to the first paragraph of complaint appellees filed an answer in general denial. Appellant filed answers to the second paragraph of complaint as follows: A general denial, and three affirmative paragraphs of answer, being an amended fourth paragraph of answer and a fifth and a sixth paragraph of answer.

The substantial averments of said amended fourth paragraph were that the railroad company, as such, in 1913 had filed with the Public Service Commission of Indiana classifications of freight rates and schedules for charges and including the form of contract above referred to, and the appellant, and his then co-receiver, had accepted the same. The answer set out contained rules embodied in said above-named schedules, classifications and rates, and averred that appellant executed said contract with appellees, whereby a lower rate was charged, in consideration whereof appellees accepted said contract in lieu of a uniform bill of lading at a higher rate, and without limitation of the carrier's common-law liability; that appellees were given a *bona fide* opportunity to ship at a fair and reasonable rate, under the uniform bill of lading, without limitation of common-law liability, but they elected to ship under said live stock contract, and under the limitations therein named; that such contract was reasonable, fairly entered into, and after the opportunity to ship at a fair and reasonable rate, without limitation of liability, had been given; that it was provided in said contract, among other things, that appellant should not be liable for overloading, escape, or wild and unruly animals, death from fright, heat, or suffocation; and charging that the loss complained of was due to heat and suffocation produced

by overcrowding the car in which the hogs were transported.

The fifth paragraph of answer sets forth the same facts as to the classification and rates, and opportunity to ship at another rate, without limitation of common-law liability, and under the uniform bill of lading, but that appellees elected to ship under said contract, which was reasonable and fairly entered into, after the opportunity to ship under the uniform bill of lading had been given them; and further states that the contract of shipment provided that, if appellees intended to make any claim for loss or damage to the shipment, they would give notice thereof before the stock was sold or mingled with other stock, and before it was removed from the place of destination, and that a failure so to do should bar any recovery for loss or damage and that appellees failed to give such notice.

The sixth paragraph of answer contained the same general averments as the fifth, omitting any reference to the provision of the contract as to notice of claim, and states that said contract contained the provision that no suit or action for the recovery of any claim for loss or damage should be maintainable unless such suit or action was begun within ninety days next after the cause of action accrued, and the answer charges that more than ninety days elapsed after the cause of action accrued and before the bringing of the action. It also avers that the contract was reasonable, fairly entered into, after opportunity had been given to ship under the uniform bill of lading, at a higher rate, and without limitation of common-law liability.

To these affirmative answers appellees replied by

general denial, and these issues were submitted to a jury for trial, resulting in a verdict for plaintiff on the second paragraph of the complaint. Judgment was rendered on such verdict, and from the judgment appellant appeals and assigns as error that the court erred in overruling appellant's motion for a new trial. The appellant claims that the verdict is not sustained by sufficient evidence. The verdict was rendered on the second paragraph of the complaint.

An examination of the evidence discloses that there was some evidence to support appellee on every material issue. That being the case, the court can-
2.   not weigh the evidence, but must accept as true that which supports the verdict.

Appellant claims that the court erred in refusing to give a peremptory instruction directing the jury to find for the defendant. This instruction cov-
3.   ered both paragraphs of complaint. If there was sufficient evidence to go to the jury on either, it was not error to refuse the instruction. A peremptory instruction for the defendant is authorized only when there is an entire lack of evidence on some essential phase of the case necessary to a recovery. The trial court should not give a peremptory instruction for defendant unless the evidence favorable to the plaintiff, and the reasonable inferences which the jury is permitted to draw therefrom, fail to support the plaintiff upon some essential element of the case. *Vandalia R. Co.* v. *Parker* (1916), 61 Ind. App. 146, 111 N. E. 637; *West* v. *National Casualty Co.* (1916), 61 Ind. App. 479, 112 N. E. 115; *Hodge* v. *Farmers' Bank, etc.* (1893), 7 Ind. App. 94, 34 N. E. 123; *Governor* v. *Shelby* (1826), 2 Blackf. 26; *Jackson*

*Hill Coal, etc., Co.* v. *Bales* (1915), 183 Ind. 276, 108 N. E. 962. In the instant case there was some evidence supporting the appellees upon every material issue joined upon each paragraph of the complaint. Defendant's motion for a peremptory instruction was properly overruled.

Appellant claims that one of his witnesses, Grange, was not permitted to answer certain questions propounded to him by appellant concerning rates named in a certain contract introduced in evidence by appellant. The facts sought to be proved by the offered testimony of this witness had been fully shown by other evidence which had been admitted. The rejected evidence was merely cumulative, and it was not error to refuse it. *American Maize Products Co.* v. *Widiger* (1917), 186 Ind. 227, 114 N. E. 457.

Appellant claims that instruction Nos. 8 and 10 are inconsistent and calculated to mislead the jury as to the law applicable to the issues formed on the second paragraph of complaint; that the jury may have inferred that these instructions were given as bearing on the issues joined on the first paragraph of complaint; that instruction No. 10 left to the jury the question of the reasonableness of the contract. It will be observed that the defense in this case is based on the claim that the appellees accepted what appellant terms a live stock contract for the shipment of the stock upon which the loss occurred, and that said contract contained a limitation of the common-law liability of the carrier, and in consideration for accepting such contract appellees were given a lower rate for such shipment.

Section 3919 Burns 1914, Acts 1905 p. 58, §2, provided that: ''Any limitation by contract of the common-law liability of such carrier is hereby made matter of defense which shall be specifically set up by answer and which shall not be provable under a general denial. Such affirmative answer shall state facts showing that the contract counted upon is based upon a sufficient consideration, that it is reasonable, that it was fairly entered into by the shipper after he had been given *bona fide* and full opportunity to ship at a fair and reasonable rate without limitation of liability.''

Section 3920 Burns 1914, Acts 1905 p. 58, §3, provides that: ''A reply of a general denial shall be sufficient to close the issue. And the issue thus formed shall be tried as other issues of fact are tried.''

The second paragraph of complaint is based on the act of 1905, *supra* (§§3918-3920 Burns 1914), and the first section of the act of 1911, §3920b Burns 1914, *supra.* Instruction No. 8 is a literal copy of that part of §3920b, *supra,* applicable to the second paragraph of complaint, and contains the additional clause: ''The court furthermore instructs the jury that the foregoing statute does not affect the validity of contracts entered into by a common carrier and shipper limiting the liability of such carrier, unless such contract attempts to limit the liability of the carrier, issuing the receipt or bill of lading, to injury or damages on its own line only.'' This instruction also states that it is given as bearing upon the issues joined in the second paragraph of complaint and answers thereto, We see no error in this instruction.

Instruction No. 10 is given as bearing on the issues joined upon the sixth paragraph of defendant's answer to the second paragraph of complaint.

6. This paragraph of answer alleges that the contract under which the stock was shipped contained the provision that no suit or action for recovery of any claim for loss or damage should be maintainable unless such suit or action was begun within ninety days next after the cause of action accrued, and that more than ninety days elapsed after the cause of action accrued and before the bringing of the action. It also avers that the contract was reasonable, fairly entered into, after all opportunity had been given to ship under the uniform bill of lading at a higher rate and without limitation of common-law liability.

The evidence shows that the stock was shipped on April 26, 1915, and delivered at its destination on April 27, 1915, and on April 29, 1915, appellees presented their claim for the loss sued on to appellant, who took the claim under consideration and for investigation, and on August 4, 1915, rejected the claim on other grounds. At the time the defendant rejected the claim on the grounds set forth in the letter of his freight agent, more than ninety days had elapsed since the accrual of the action, yet the claim was not rejected on that ground. Sections 3919, 3920 Burns 1914, *supra,* upon which the defense in this action rests, require that the affirmative answers shall state facts showing that the contract counted upon is based upon sufficient consideration; that it is reasonable; that it was fairly entered into by the shipper after he had been given a *bona fide* and full opportunity to

ship at a fair and reasonable rate without limitation of liability; that a reply of general denial shall be sufficient to close the issue, and the issue thus formed shall be tried as other issues of fact are tried.

Instruction No. 10, which stated to the jury that, "If you find from a fair preponderance of the evidence that the plaintiffs filed their claim for their alleged loss with the defendant on the 29th day of April, 1915, and if you further find that until August 4, 1915, was required by defendant to complete its investigation of said alleged loss, you may take this fact into consideration together with all the other evidence bearing on that issue in determining whether the condition in said alleged contract requiring plaintiffs to commence an action for said alleged loss within ninety days after the said alleged cause of action accrued, was reasonable or unreasonable," correctly left it to the jury to determine as a question of fact the issue presented by the sixth paragraph of appellant's answer to the second paragraph of complaint.

Plaintiffs originally filed their complaint in two paragraphs, but afterward dismissed the second paragraph. The defendant filed one paragraph of answer in confession and avoidance and addressed to the first paragraph of complaint. The appellees moved the court for judgment on the pleadings, which motion was overruled and appellees excepted, and have assigned cross-error, and say that the court erred in overruling their motion for judgment on the pleadings. After the court overruled appellees' motion for judgment on the first paragraph of complaint, the defendant filed an answer in general denial to it, and the appellees filed an answer in gen-

eral denial to the special answer of defendant to the first paragraph of complaint, and the issue thus formed was submitted to a jury together with the issues formed on the second paragraph of complaint, which appellees refiled after the adverse ruling of the court on their motion for judgment on the first paragraph. This was a waiver of appellees' right to urge their objection to the ruling on the motion for judgment on the pleadings by reason of a defect in the pleadings of their adversary. A plaintiff, in order to enforce his right to judgment on the pleadings, must stand upon the pleadings. He waives that right if, after an ineffectual motion for judgment owing to the absence of an answer, he goes to trial on his complaint, offers evidence in support of it, submits the issue to a jury, and is defeated. *Crow* v. *Chicago, etc., R. Co.* (1894), 57 Mo. App. 135; *Nelson* v. *Wallace* (1891), 48 Mo. App. 193.

We find no error in the record. Judgment affirmed.