We concur in the judgment and in that part of the syllabus which relates to the question of damages. However, we dissent from the first three propositions contained in the syllabus.
There are important facts, however, which have been omitted from the majority opinion. When the cause was first taken to the appellate court it was reversed and remanded by the Court of Appeals of the first district. It appears from their opinion, but not from this record, that it was remanded to the trial court with instructions relating to the measure of damages, which another appellate court on the second review found, and this court now finds, to be erroneous. When the cause came to the Court of Appeals the second time, another Court of Appeals, to wit, the judges of the Fourth Appellate District, sat in place of the judges of the First Appellate District and held that the charge on the measure of damages suggested by the First District Court of Appeals was erroneous. They again reversed and remanded *Page 756 
the case for trial, and certified the record of the case to this court for review because their judgment was in conflict with a former judgment pronounced upon the same question by the Court of Appeals of the First District. In that portion of the syllabus from which we dissent this court holds that the decision of the appellate court upon the first review, although erroneous, was the law of the case; and that if error be not prosecuted therefrom both the appellate court on the second review and this court are powerless to remedy the error. If regard be given to the text in 4 Corpus Juris, found in the majority opinion, and if due consideration be not given to the great variety of cases and the dicta of various, judges rendering opinions therein, one might arrive at the conclusion that the rule stated in the syllabus had been generally adopted by many of the courts of this country.
It may be conceded that many of the states have held that a prior decision, even if erroneous, is the law of the case and conclusive upon an appellate court on the second review. However, the general rule is that even if it be conclusive upon the appellate or intermediate court, the doctrine referred to, the law of the case, does not bind a court of last resort. The rule stated in the text does not have the support of many of the states which it cites. In 4 Corpus Juris, 1093, it is stated:
"It is a rule of general application that the decision of an appellate court in a case is the law of that case on the points presented throughout all the subsequent proceedings in the case in both *Page 757 
the trial and the appellate courts, and no question necessarily involved and decided on that appeal will be considered on a second appeal or writ of error in the some case."
This text purports to have for its support decisions of our highest federal courts, and also of the courts of Illinois, Kansas, Missouri, Nebraska, New York, Ohio, Texas, and other states. However, in the jurisdictions named, the modern and better rule has been adopted which holds that a former decision, if palpably erroneous, is not binding upon an appellate court. Probably the best-considered case upon that subject, and one more often referred to than any other, is that of City of Hastings v. Foxworthy, 45 Neb. 676, 63 N.W. 955, 34 L.R.A., 321. This case is especially referred to for the reason that it has more fully considered the subject under consideration than any other case cited. The syllabus is as follows:
"An appellate court, on a second appeal of a case, will not ordinarily re-examine questions of law presented by the first appeal, but where the case was on the first appeal remanded generally for a new trial and the same questions are presented on the second trial, the appellate court is not bound to follow opinions on questions of law presented on the first appeal and may re-examine and reverse its rulings on such questions, and should do so when the opinion first expressed is manifestly incorrect."
While conceding that courts generally hold that the decision on a prior appeal is conclusive, though *Page 758 
erroneous, the text in 2 Ruling Case Law, p. 226, contains the following statement:
"The better rule, and that more in accord with justice, however, is that though ordinarily a question considered and determined on the first appeal is deemed to be settled and not open to re-examination on a second appeal, it is not an inflexible rule, and if the prior decision is palpably erroneous it is competent for the court to correct it on the second appeal. This may be said to be the view which has for its support the trend of modern authority."
In the professional and judicial experience of each of the members joining in this dissent, the law of the case, pronounced by the majority in its syllabus, has never been applied in this state. On the contrary, numerous cases have hitherto proceeded through the courts and been remanded for retrial without any suggestion of the application of the rule. It is for the first time held by this court that, however erroneous a decision of the appellate court may have been on the first review, such decision, if error is not prosecuted, is not only conclusive upon the appellate court, but also upon this court, which is its superior. Surely a court of last resort can cure the error of an intermediate court if the error be vital and the justice of the case require it. Even the text in Corpus Juris, upon which reliance is placed by the majority opinion, concedes that power when it says:
"As a general rule the decision of an intermediate court is not conclusive on appeal to a court of last resort." 4 Corpus Juris, 1104. *Page 759 
In Keele v. Atchison, Topeka Santa Fe Ry. Co., 258 Mo., 62,167 S.W. 433, it is held:
"While an opinion of a Court of Appeals on a former appeal in the same case is persuasive and is usually followed, yet where, after a retrial, the whole case is brought to the Supreme Court and no part of it left behind, such an opinion is not binding on the Supreme Court as either res adjudicata or the law of the case."
To the same effect are Hennessy v. Bavarian Brewing Co.,145 Mo., 104, 46 S.W. 966, 41 L.R.A., 385, 68 Am. St. Rep., 554, and Paddock v. Missouri Pacific Ry. Co., 155 Mo., 524,56 S.W. 453. In Missouri, Kansas Texas Ry. Co. v. Merrill,65 Kan. 436, 70 P. 358, 59 L.R.A., 711, 93 Am. St. Rep., 287, where the Supreme Court of that state overruled a former decision made in the same case, the court said:
"Counsel for defendant in error have invoked the rulestare decisis, and insist that the former decision must govern on the second appeal. This would come to us with more force if we were not now considering the same case with the same parties before the court. If an erroneous decision has been made, it ought to be corrected speedily, especially when it can be done before the litigation in which the error has been committed has terminated finally. We are fully satisfied that the rule of the former case is shattered by the pressing weight of opposing authority, and that reason is against it."
Although the rule contended for in the syllabus is claimed to have been supported by the courts of Illinois, the later decision of that court discloses *Page 760 
that if ever the rule existed it was not followed in more recent decisions:
"The question whether the construction given a written contract upon the first appeal to the Appellate Court is binding upon that court upon a second appeal need not be considered by the Supreme Court when reviewing the judgment upon the second appeal, as such construction is not, in any view, binding upon the Supreme Court." Freet v. American Elec.Supply Co., 257 Ill. 249, (100 N.E. 933).
We have already said that the case of City of Hastings v.Foxworthy, supra, has considered the rule relating to the lawof the case more fully than any other reported case. In connection with that case appears a note comprehensively treating of this subject. Both case and note are found in 34 L.R.A., 321, et seq. On pages 321-325 the annotator states that though the rule contended for has been followed in some jurisdictions Ohio does not adhere thereto, but the doctrine there obtaining is that a prior decision is not conclusive if it is erroneous.
The rule stated in the opinion is not followed by the Supreme Court of the United States, nor was it ever sustained by the Supreme Court of Ohio. Sixty-nine years ago the Supreme Court of this state definitely settled the rule in this jurisdiction. In the case of Aubrey v. Almy, 4 Ohio St. 524, it was held that the law of the case pronounced by an intermediate, appellate court, which remanded the case to a lower court for retrial, was not binding on this court, and was no bar to a writ of error thereto. The Supreme Court, in Hamilton *Page 761 
county, while on circuit, had reversed an order of the court of common pleas and awarded a writ of procedendo to the latter court. The trial court obeyed the mandate of such Supreme Court as the law of that case. The case later came to the Supreme Court of the state for review. Thurman, J., in deciding the case, said, at page 526:
"That the court of common pleas was bound to obey the writ ofprocedendo from the Supreme Court, is obviously true; from which it follows, that if we reverse their judgment, we disregard the decision of the Supreme Court. But, however inconvenient in practice this may be, we do not perceive how it can be avoided, if we find the judgment to be erroneous."
It therefore appears from the decided case that although the common pleas court on the remand had followed the mandate of the Supreme Court on circuit as the law of that case, this court reversed the decision of the intermediate tribunal. The same principle was announced in Bane v. Wick, 6 Ohio St. 13. The same case had been before the Supreme Court at a prior time, and was reported in 19 Ohio, 328. This court on the second hearing doubted the correctness of its former decision, but could not arrive at the conclusion that it was erroneous. However, from the syllabus in that case, no other conclusion can be arrived at but that they would have overruled their former decision in the same case had they found it to be erroneous. The following is the syllabus:
"Where a case on demurrer to bill has been once determined by this court, or the late court *Page 762 
in bank, and, demurrer being overruled, afterward comes up on bill, answer and testimony, which do not substantially vary the case as it stood on demurrer, this court will follow the prior decision, unless very clearly satisfied that it was erroneous." (Italics ours.)
In Pennsylvania Co. v. Platt, 47 Ohio St. 366,25 N.E. 1028, this court clearly announced the principle that if it found even its own decision made at a former review to have been erroneous it would not hesitate to reverse its prior decision. Part of the syllabus in that case is as follows:
"When it has been determined by this court that the petition in a case states a cause of action, and the case afterwards comes before the court for the review of alleged errors occurring at the trial, the court will follow the prior decision, unless very clearly satisfied that it is erroneous." (Italics ours.)
The case of Russell, Admr., v. Bank, 31 O. C. A., 194, had been three times before the Court of Appeals of Hamilton county. Its last judgment was reviewed by this court inRussell, Admr., v. Bank, 102 Ohio St. 249, 131 N.E. 726. It was contended that the law of the case, as decided by the appellate court in its first hearing, should apply in the third hearing. That feature is discussed, not only by Judge Shohl of the appellate court, but by the judge delivering the opinion in this court, and since both judges adverted to the decisions of the Supreme Court of the United States upon the law of the case, and it is now claimed that that federal authority adheres to the rule presented in that syllabus, we will refer to *Page 763 
the more recent decisions of the United States Supreme Court upon this controversial point.
In Messenger v. Anderson, 225 U.S. 436, 32 S.Ct., 739,56 L.Ed., 1152, a portion of the syllabus is as follows:
"In the absence of statute, the phrase 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to open what has been decided — not a limit to their power." (Italics ours.)
As to the proposition that the law of the case made by an inferior court is not binding upon a higher tribunal, we citeZeckendorf v. Steinfeld, 225 U.S. 445, 32 S.Ct., 728,56 L.Ed., 1156. That case arose in Arizona when it was a territory. On the first review the Supreme Court of Arizona had pronounced a judgment and remanded the case for further proceedings. On the second review, the law of the case decided by the territorial tribunal was invoked in the Supreme Court of the United States, and the latter court denied the power of the territorial court to foreclose a review by the federal Supreme Court under the claim that on the remand the trial court had adopted the law of the case pronounced by the territorial court, and that therefore the decision of the territorial court on the first review had "become the law of the case and binding in its subsequent stages." Mr. Justice Day, delivering the opinion of the court, said, at page 454 (32 S.Ct., 732):
"Whatever might be the holding of the Supreme Court of Arizona as to the effect of this decision *Page 764 
upon its own judgment and that of the District Court, the case reached this court for the first time upon the present appeal, and certainly the holding of the Supreme Court of Arizona at any of the stages of the case prior to this appeal would not be the law of the case for this court."
A late case reported by the United States Supreme Court upon this subject is Southern Ry. Co. v. Clift, 260 U.S. 316,43 S.Ct., 126, 67 L.Ed., 283, decided December 4, 1922, which came to the federal court on writ of error from the Supreme Court of the state of Indiana. The latter court, in its first review, (Clift v. Southern Ry. Co., 188 Ind. 472, 124 N.E. 457), had decided a federal question and remanded the cause. After retrial a second appeal was taken to the Supreme Court of the state. Although not holding its former decision to be erroneous, the Supreme Court of Indiana held the decision on the first appeal to be the law of the case on the second appeal. On the writ of error to the high federal court the defendant in error moved to dismiss the writ because the state court had not decided any federal question on its second review. Counsel relied, in support of the motion, on the argument that the second judgment was rendered on a second appeal and that the court there decided that the decision "on the first appeal is the law of the case." Mr. Justice McKenna, delivering the opinion of the court, said, at page 319, (43 S. Ct., 126):
"The prior ruling may have been followed as the law of the case but there is a difference between such adherence andres judicata; one directs discretion, the other supersedes it and compels judgment. *Page 765 
In other words, in one it is a question of power, in the other of submission. * * * The court in the present case, as we have said, considered the constitutional question presented and decided against it, and to review its decision is the purpose of this writ of error. The motion to dismiss is denied."
The Supreme Court of the United States emphatically denies the application of the rule where the purpose of the suit is to review the decisions of inferior courts in that high federal tribunal, and cites with approval Messenger v. Anderson, supra.
The latest pronouncement of the Supreme Court of the United States upon the law of the case was made within the last month, to wit, November 24, 1924, in Davis, Agent, v. O'Hara,266 U.S. 314, 45 S.Ct., 104, wherein Mr. Justice Butler said:
"The ruling that the former decision of the state court became the law of the case does not affect the power of this court to re-examine the question."
No valid reason can be suggested why the Supreme Court of the United States would not be bound by the "law of the case" erroneously pronounced by a state court, but might be bound by the "law of the case" erroneously pronounced by the United States District Court or the United States Circuit Court of Appeals. Federal questions do arise in state courts, as well as in the federal. Our Constitution gives us jurisdiction to review the judgments of our Courts of Appeals; the federal law gives jurisdiction to the United States Supreme Court to review judgments of *Page 766 
state courts in certain cases. The majority opinion concedes:
"It was but natural that the United States Supreme Court should refuse to submit to the judgment of a state court as a finality, in a case where a federal question was involved."
If so, should not that high federal tribunal refuse to submit to the erroneous judgments of its inferior federal tribunals as a finality? Has the "law of the case" erroneously decided by a lower federal court a greater dignity than that erroneously pronounced upon the same federal question by the highest state court? I confess myself unable to make the distinction.
The Supreme Court of the United States makes no such distinction. A great many cases may be cited wherein that court refused to submit to an erroneous declaration pertaining to the law of the case by inferior federal tribunals, chief among which is Messenger v. Anderson, supra, and cited last month with approval by Mr. Justice Butler in Davis v. O'Hara. The second proposition of the syllabus in the Messenger case, reported in (225 U.S. 436, 32 S.Ct., 739), 56 L.Ed., 1152, is as follows:
"A prior decision of a federal circuit court of appeals is not the law of the case for the Supreme Court when reviewing a later decision of the former court in the same case."
This was an Ohio case involving the construction of a will concerning land in Ohio. It had been three times before the federal Circuit Court of Appeals. On its first review that court had erroneously construed the provisions of the will in *Page 767 
holding that a devisee had taken a life interest only. It reversed and remanded the cause to the trial court for a new trial. The cause again came before the Circuit Court of Appeals for review (Anderson v. Messenger, 158 F., 250, 85 C.C.A., 468), and the judge delivering the opinion of that court said:
"We have been invited by counsel for defendant to reconsider the question of the construction of Henry Anderson's will. We must decline to do this. The questions there decided are matters adjudged and have become the law of the case."
On this second review the federal Circuit Court of Appeals refused to reconsider its construction of the will, but again reversed and remanded the cause for a new trial. In the meantime proceedings had been pending in the state courts, wherein the Supreme Court of Ohio construed the same will as conferring upon the devisee a defeasible fee instead of a life estate. Thereafter a third review was had in the federal Court of Appeals, and that court decided that, notwithstanding the Supreme Court of Ohio had in the meantime rendered a conflicting decision in construing said will, it still would follow its prior decision on the first review as the law of the case. The result was that the Supreme Court of the United States held, as announced in the foregoing syllabus, that it would not be bound by the decision of the federal Circuit Court of Appeals on its first review, and reversed the last judgment of the appellate federal court, although counsel argued that the law of the case on the first review became the law in the subsequent proceedings. *Page 768 
Let us test this question by a concrete case. A statute requires a railroad to be sued in a county where plaintiff resides, or the cause of action arose. It is sued elsewhere. Motion to the jurisdiction of the person and to quash the summons is made by defendant (where those facts are conceded), but is erroneously overruled on legal grounds. Defendant then answers and wins on the merits. Plaintiff prosecutes error, but the defendant files no cross-petition in error to the overruling of its motion to quash. The judgment is reversed on the merits and remanded for new trial. On the second trial defendant renews its objection to the jurisdiction. This is again overruled as the trial court has previously decided the law of the case against the defendant in respect to jurisdiction. Thereupon another judgment is recovered against defendant upon the merits. In prosecuting error here, is this court bound by the law of the case erroneously decided by the trial court in the first trial, where error was not prosecuted therefrom? This question is answered in the negative by the United States Supreme Court in Davis, Agt., v. O'Hara, supra.
To hold otherwise would compel every litigant to prosecute error, directly or by cross-petition, in order to obtain, not the judgment of this court upon the whole case, but its views on every legal phase that may be presented upon the several trials. This the litigant needs do for his self-protection. Such practice is not conducive to the speedy end of litigation.
Much of the confusion arising from the application of this rule, and which is shown in the majority *Page 769 
opinion, lies in the fact that text, cases, and dicta are cited where the rule has been applied, but where the court of lastresort has not found palpable error in the decisions of thelower courts.
The case of Columbus Packing Co. v. State ex rel.Schlesinger, prosecuting attorney, is directly in point. It was reported the first time in 100 Ohio St. 285, 126 N.E. 291, 29 A. L. R., 1429, and again in 106 Ohio St. 469, 140 N.E. 376. When the case reached this court on its first review, it was prosecuted upon interlocutory decrees made upon the pleadings as they then stood. Although the case had not been heard upon its merits in the lower courts, it was disposed of by this court upon the allegations contained in the pleadings, including the affidavits in their support. This court fully stated the law of the case arising upon such pleadings. Later the case was tried upon its merits and upon exactly the same pleadings, excepting a single defense made in the answer of the creamery company, which did not affect the case. After an affirmance by this court, and its remand for hearing upon its merits, the trial and appellate courts decided the case upon the law of the case pronounced by this court in its first review. However, this court upon a second review held that the law of the case arising from the same pleadings theretofore before it had been erroneously stated by this court on the first review, and reversed the case, not only because a premature judgment had been made by the trial court, but alsobecause the law of the case stated in the syllabus on the firstreview was erroneous.
The case of Pollock v. Cohen, 32 Ohio St. 514, *Page 770 
is not germane. It does not mention or advert to the rule under consideration. All it determines is that the same plaintiff in error, on the same record, cannot present errors, other than those of jurisdiction, on a second petition in error, when he could have presented or failed to present them in the first review; and that errors not assigned are presumed to have been waived. The rationale of all the better and most modern decisions leads us to the conclusion that this court is not bound to follow the decision of an intermediate or lower court where palpable error intervenes. Under Section 2, Article IV, of our Constitution, when a case is certified to this court by its direction, or by a certificate of conflict from the Court of Appeals, jurisdiction is lodged in the Supreme Court. The express provisions of that article of the Constitution give the latter court power to "review, or affirm, modify or reverse the judgment of the Court of Appeals." The only judgment of a Court of Appeals that we now have or ever had in the instant case is a judgment of that court pronounced upon the second review. The chief reason given in the dicta of several opinions holding that the law of the case is conclusive upon the second review is that there must be an end to litigation; that it is a duty of a nisi prius court to obey the mandate of the appellate court, whether its decision be right or wrong. We must concede it to be the duty of the trial court to follow the decision of an appellate court in the same case, but surely the trial court should not follow such a decision if, in the meantime, the Supreme Court has held the decision to be wrong. A principle of *Page 771 
law laid down by an appellate court upon reversing and remanding the cause is not binding upon that court in a second review "where the Supreme Court has, since the first appeal, decided the point involved contrary to the principle laid down." Zerulla v. Supreme Lodge, Order of Mutual Protection,223 Ill. 518, 79 N.E. 160. In City of Hastings v. Foxworthy,supra, it is said, page 697 (63 N.W. 962):
"To enforce erroneous rulings, simply because the appellate court had directed the error, would be to pervert the law and sacrifice justice to the technicalities of practice. That the rule is not well founded in principle may be seen by the confusion of the courts in their efforts to base it upon a known principle."
However, in practice, we know that the doctrine does not always result in a more speedy end to litigation. Cases frequently arise where errors may be prosecuted to an appellate court upon the single ground of error in the admission or rejection of testimony. If the case is reversed and remanded there is nothing to prevent the same party from presenting in his second record for review an error relating entirely to a new subject-matter, such as the charge of the court, the decision upon a demurrer, or other vital ruling made in the second or subsequent trial of the case. We allude to this merely to show that the adoption of the rule does not always tend to end litigation.
Let us assume that an appellate court, in making a decision upon the first review, made a grave and serious mistake in overlooking some statute or constitutional provision vitally affecting the *Page 772 
case; or that this court, its superior, had decided the principle otherwise after the appellate court had made its first erroneous decision and before the second review. Surely it cannot be claimed that the decision on the first review would prevail in face of the pronouncement of the highest court of this state; nor would such decision, in any event, prevent this court from entertaining its constitutional jurisdiction. If on the second re view the appellate court is clearly satisfied that on its first review it overlooked a constitutional provision voiding a statute, undoubtedly it becomes the duty of that court to so declare. It would be its obvious duty to do so, for this court would not be bound by the law erroneously decided, for the reason that the Constitution gives it jurisdiction to review cases involving constitutional questions as a matter of right and not by favor through motion to certify. There is no reason why the principle applied to civil cases should not apply to criminal cases as well. Measured by this test, let us assume that a man has been indicted for murder, where no offense is charged in the indictment, or where the offense has not been condemned by statute. At the threshold of the case the defendant demurs, the demurrer is overruled, trial proceeds, and the accused is convicted of murder in the first degree. He prosecutes error to the appellate court. That court reverses for error in the admission or rejection of evidence, but in its decision holds the indictment valid. The case is remanded, and the accused is again tried, convicted, and sentenced. A second review is obtained. Can it be claimed that if the appellate *Page 773 
court, or even the Supreme Court of the state, holds that the former decision was patently erroneous, the accused must die notwithstanding the latter courts should later hold that no offense had been charged? Would it not become the duty of the Supreme Court of the state in such event to discharge the defendant for the reason, that no crime had been committed by or charged against him? Or must he suffer the death penalty because the doctrine, the law of the case, though an erroneous one, has pronounced it? In such and similar cases should we not follow the maxim employed by the chief justice of a Georgia court when he had this rule under consideration:
"The maxim for a Supreme Court, supreme in the majesty of duty as well as in the majesty of power, is not stare decisis, but fiat justitia ruat coelum."
There are other reasons, though not quite so important, why this court under its constitutional powers should review the law of this case made by a prior decision of the Court of Appeals. The Court of Appeals of the First Appellate District had pronounced what it deemed to be the law of the case, and remanded the case for trial. Accordingly, the case was tried and again reached the Court of Appeals, but was heard the second time by the judges of the Court of Appeals of the Fourth Appellate District. These judges certified that the judgment upon which they agreed was "in conflict with a former judgment pronounced upon the same question by the Court of Appeals of the First District in an unreported opinion in this cause." Section 6, Article IV, of the Ohio Constitution, *Page 774 
provides that in such event the judges must certify the record of the case to the Supreme Court for review and final determination. Since this case is in this court upon a certificate of conflict, this court must entertain jurisdiction and decide which of the two decisions rendered by separate Courts of Appeals is correct. If the decision of the former Court of Appeals in the same case be erroneous, it becomes the constitutional duty of this court to so adjudge.
There is an additional reason, though a minor one, why the law of the case cannot here be urged on this record. There is nothing in the record itself disclosing how and why the Court of Appeals decided the point of law involved on the first review. The claim is made that if recourse is had to the opinion of the appellate court on the first review it can be discerned what has been decided. The opinion is no part of the record. It comes only to the attention of this court by the claim made by counsel for plaintiff in error in his argument. In this phase of the case we do not think it can be said that the law of the case is properly before us.
Outside of what has been said, we do not think that the important points under consideration should be decided by this court without full and complete argument upon the questions. The only reference made by counsel for plaintiff in error was a line in his brief to the effect that the decision of the first appellate court on the first review should have been "followed, res adjudicata." The principles of res adjudicata do not apply. No cases were cited, touching the law of the case, by *Page 775 
counsel for plaintiff in error, nor was the point alluded to in the brief of counsel for the city. And again, in view of the fact that the last judgment of the appellate court was affirmed, there was no necessity for this court to pass upon so important a procedural question as that contained in the first three propositions of the syllabus.
MATTHIAS and DAY, JJ., concur in dissenting opinion.